IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 CV 3680 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey I. Cummings |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Gregory G. ("Claimant") brings a motion for summary judgment to reverse or remand the final decision of the Commissioner of Social Security (the "Commissioner") to deny his claims for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI") benefits. The Commissioner filed a response seeking to uphold its decision to deny benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). For the reasons stated below, Claimant's motion for summary judgment, (Dckt. #17), is granted, and the Commissioner's request to affirm the decision, (Dckt. #23), is denied.

**I.    BACKGROUND**

   **A.    Procedural History**

On June 30, 2017, Claimant filed for SSI and DIBs, alleging disability beginning January 26, 2016, due to degenerative disc disease, fibromyalgia, irritable bowel syndrome, and major

---

[1] In accordance with Internal Operating Procedure 22 - Privacy in Social Security Opinions, the Court refers to plaintiff only by his first name and the first initial of his last name. Acting Commissioner of Social Security Kilolo Kijakazi has also been substituted as the named defendant. Fed.R.Civ.P. 25(d).

depressive disorder, among other impairments. (Administrative Record ("R.") 39; Dckt. #17 at 1). Claimant's application was denied initially and upon reconsideration. (R. 39). Claimant filed a timely request for a hearing, which was held on October 31, 2018, before an ALJ. (R. 39, 75). On February 27, 2019, the ALJ issued a written decision denying Claimant's application for benefits. (R. 39-57). Claimant filed a timely request for review with the Appeals Council. On April 24, 2020, the Appeals Council denied Claimant's request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (R. 1-7). This action followed.

### B. The Social Security Administration Standard

To qualify for disability benefits, a claimant must demonstrate that he is disabled, meaning he cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Gainful activity is defined as "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §404.1572(b).

The Social Security Administration ("SSA") applies a five-step analysis to disability claims. 20 C.F.R. §404.1520. The SSA first considers whether the claimant has engaged in substantial gainful activity during the claimed period of disability. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has one or more medically determinable physical or mental impairments. 20 C.F.R. §404.1521. An impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* In other words, a physical or mental impairment "must be established by objective medical evidence from an acceptable medical source." *Id.*; *Shirley R. v. Saul*, 1:18-cv-00429-JVB, 2019 WL 5418118, at

*2 (N.D.Ind. Oct. 22, 2019). If a claimant establishes that he has one or more physical or mental impairments, the ALJ then determines whether the impairment(s) standing alone, or in combination, are severe and meet the twelve-month durational requirement noted above. 20 C.F.R. §404.1520(a)(4)(ii).

At step three, the SSA compares the impairment or combination of impairments found at step two to a list of impairments identified in the regulations ("the listings"). The specific criteria that must be met to satisfy a listing are described in Appendix 1 of the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairments meet or "medically equal" a listing, he is considered disabled and no further analysis is required. If a listing is not met, the analysis proceeds. 20 C.F.R. §404.1520(a)(4)(iii).

Before turning to the fourth step, the SSA must assess a claimant's residual functional capacity ("RFC"), meaning his exertional and non-exertional capacity to work despite the limitations imposed by his impairments. Then, at step four, the SSA determines whether the claimant is able to engage in any of his past relevant work. 20 C.F.R. §404.1520(a)(4)(iv). If the claimant can do so, he is not disabled. *Id.* If he cannot undertake his past work, the SSA proceeds to step five to determine whether a substantial number of jobs exist that the claimant can perform given his RFC, age, education, and work experience. If such jobs exist, the individual is not disabled. 20 C.F.R. §404.1520(a)(4)(v)

    C.    **Evidence Related to the ALJ's Step 5 Analysis**

At the hearing, the ALJ asked the Vocational Expert ("VE") to consider a hypothetical individual of the Claimant's age, education, and work experience who: (1) can perform light work (defined as lifting up to 20 pounds occasionally); (2) can lift and carry up to ten pounds frequently; (3) can stand/walk for six out of eight hours; (4) can sit for six out of eight hours with

normal breaks; (5) can occasionally climb ladders, ropes, and scaffolds; (6) can frequently kneel, crouch, and crawl; (7) can occasionally reach overhead bilaterally; (8) must avoid unprotected heights; and (9) can perform work that involves simple, routine tasks and make simple work-related decisions, but cannot perform production rate or pace work, such as assembly line work. (R. 119-20). In addition, the hypothetical individual's off-task time can be accommodated by normal breaks and working in two-hour blocks of time; the individual can be off-task no more than five percent of an eight-hour day due to additional restroom breaks; and the individual can occasionally interact with the public, incidental to the work being performed. (*Id.*).

The VE testified that a hypothetical individual with the above limitations could not perform Claimant's past work (namely, work as a water treatment plant operator, a water treatment plant manager, and as a water softener and installer). (R. 119-20, 55). However, the VE testified there are other jobs in the national economy that such an individual could perform, including the light unskilled positions of: (1) housekeeping cleaner, Dictionary of Occupational Titles ("D.O.T.") 323.687-014, with the number of national positions totaling 115,200; (2) cleaner, polisher, D.O.T. 709.687-010, with the number of national positions totaling 23,900; and (3) label coder, D.O.T. 920.587-014, with the number of national positions totaling 37,800. (R. 120-21). The VE further testified that none of these positions were hourly production rate or assembly line jobs. (R. 122-23, 125-26). Nonetheless, the VE made clear that each of these three positions had "end of the day production requirements." (R. 122-23, 126).

### D. The Administrative Law Judge's Decision

The ALJ applied the five-step inquiry required by the Act in reaching her decision to deny Claimant's request for benefits. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since his alleged onset date of January 26, 2016. (R. 42). At step

two, the ALJ determined that Claimant suffered from the severe impairments of mild degenerative disc disease of the lumbar and cervical spine; fibromyalgia; irritable bowel syndrome ("IBS"); major depressive disorder; and generalized anxiety disorder. (*Id.*). The ALJ considered Claimant's gastroesophageal reflux disease ("GERD")/gastroparesis but found this impairment to be non-severe. (*Id.*).

At step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the Commissioner's listed impairments. (R. 43). With respect to the manifestations of Claimant's mental impairments (namely, major depressive disorder and generalized anxiety disorder), the ALJ found that Claimant had a "moderate limitation": (1) in understanding, remembering, or applying limitation; (2) in interacting with others; and (3) in concentrating, persisting, or maintaining pace, and that Claimant had a "mild limitation" in adapting or managing himself. (R. 43-44).

Before turning to step four, the ALJ determined that, Claimant had the residual functional capacity ("RFC"):

> [t]o perform light work as defined at 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently kneel, crouch and crawl. The claimant can occasionally climb ladders, ropes or scaffolds. The claimant can occasionally reach overhead bilaterally. The claimant should avoid unprotected heights. The claimant can perform simple routine tasks and make simple work-related decisions. The claimant cannot perform production rate or pace work such as assembly line work. The claimant can work in a two-hour block of time. In addition to normal breaks, the claimant would be off task no greater than 10 percent of the workday due to additional restroom breaks. The claimant can interact with the public occasionally incidental to work being performed.

(R. 45, 53 (finding that "due to the claimant's depression and anxiety, the claimant can perform simple routine tasks and make simple work-related decisions" and "[t]he claimant cannot perform production rate or pace work such as assembly line work.").

Based on Claimant's RFC, the ALJ determined at step four that he was unable to perform his past relevant work as a water treatment plant operator, manager, and water softener servicer and installer. (R. 54-55). Nevertheless, at step five, the ALJ relied on the VE's testimony and found that a sufficient number of jobs existed in the national economy that Claimant could perform given his RFC, including the occupations of housekeeping cleaner, cleaner polisher, and label coder. (R. 55-57). As such, the ALJ found that Claimant was not disabled. (R. 57).

## II. STANDARD OF REVIEW

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. Judicial review of an ALJ's decision is governed by 42 U.S.C. §405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence is not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul,* 989 F.3d 508, 511 (7th Cir. 2021), *quoting Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). The Commissioner's decision must also be based on the proper legal criteria and free from legal error. *Scheck v. Barnhart,* 357 F.3d 697, 699 (7th Cir. 2004); *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

A court reviews the entire record, but it does not displace the ALJ's judgment by reweighing the facts, resolving conflicts, deciding credibility questions, by making independent symptom evaluations, or by otherwise substituting its judgment for that of the Commissioner. *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Instead, the court looks at whether the ALJ articulated an "accurate and logical bridge" from the evidence to her conclusions. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).

This requirement is designed to allow a reviewing court to "assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413 (citation omitted).

### III. ANALYSIS

Claimant urges this Court to reverse and remand the ALJ's decision to deny him an award of benefits based on several arguments. Among other things, Claimant asserts that the ALJ's step five analysis is not supported by substantial evidence because the ALJ's finding that he can perform the positions of housekeeping cleaner, cleaner polisher, and label coder (all of which require "end of the day production requirements") cannot be reconciled with his RFC (which states that he "cannot perform production rate or pace work"). (Dckt. #17 at 9-10). As Claimant notes in his reply, (Dckt. #24 at 5-6), the Commissioner failed to respond to this argument in its response. For the reasons stated below, the Court agrees that the ALJ's step five analysis is fatally flawed.[2]

#### A. The ALJ's Step Five Finding is Not Supported by Substantial Evidence.

At step five, the Commissioner bears the burden of demonstrating with substantial evidence that there is a significant number of jobs in the national economy that someone with Claimant's RFC can perform. *See, e.g., Chavez v. Berryhill*, 895 F.3d 962, 964 (7th Cir. 2018); *Helsinger v. Kijakazi*, No. 20-CV-1015, 2022 WL 376261, at *7 (E.D.Wis. Feb. 8, 2022). "A

---

[2] Because this error necessitates a remand to the Social Security Administration, the Court will not address Claimant's remaining arguments. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("Because we determine that the ALJ did not properly evaluate DeCamp's limitations in concentration, persistence, and pace, we do not address DeCamp's other arguments."). The Court's decision in this regard is not a comment on the merits of Claimant's other arguments and he is free to assert them on remand.

VE's testimony can satisfy this burden [but] only if that testimony is *reliable*." *Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008) (emphasis in original) (citing cases). Conversely, "[a] finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Id.* (internal quotation marks omitted); *Milner v. Kijakazi*, No. CV 20-1016 KK, 2022 WL 1125402, at *12 (D.N.M. Apr. 15, 2022) ("Because the ALJ's determination at step five was based solely on the VE's unreliable testimony, it is not supported by substantial evidence and remand is warranted.").

In this case, the ALJ based her finding that Claimant can perform the positions of housekeeping cleaner, cleaner polisher, and label coder on the VE's testimony in response to her hypothetical questions regarding the availability of work that someone with Claimant's RFC could perform. (R. 56-57). The question, therefore, is whether the VE's testimony on this point is sufficiently reliable to support a finding of substantial evidence. *See, e.g., Biestek*, 139 S.Ct. at 1157 ("even without significant testing, a factfinder may conclude that [a VE's] testimony has sufficient indicia of reliability to support a conclusion about whether an applicant can find work."). In assessing the reliability of a VE's testimony, courts consider a number of factors including "whether anything in the rest of the record conflicts with anything the VE says." *Williams v. Saul*, No. 4:19-CV-1787-SPM, 2020 WL 5569992, at *8 (E.D.Mo. Sept. 17, 2020) (citing *Biestek*, 139 S.Ct. at 1155-56); *Brace v. Saul*, 970 F.3d 818, 822 (7th Cir. 2020).

Here, as Claimant points out, the VE's testimony that he can perform the positions of housekeeping cleaner, cleaner polisher, and label coder (all of which require "end of the day production requirements") contradicts his RFC (which states that he "cannot perform production rate or pace work"). (Dckt. #17 at 9). Neither the ALJ nor the Commissioner makes any effort

8

to reconcile this contradiction between the VE's testimony and the RFC, (*Id.*; Dckt. #24 at 5-6),[3] and the Court finds the VE's testimony on this point to be unreliable. Accordingly, the ALJ's step five analysis is not supported by substantial evidence and this case must be remanded. *See, e.g., Overman*, 546 F.3d at 464; *Milner*, 2022 WL 1125402, at *12.

## CONCLUSION

For the foregoing reasons, Claimant's motion for summary judgment (Dckt. #17), is granted and the Commissioner's request to affirm the decision, (Dckt. #23), is denied.

**ENTERED:  March 16, 2023**

_____
**Jeffrey I. Cummings
United States Magistrate Judge**

---

[3] The Commissioner's failure to address this issue constitutes waiver. *See, e.g., Michael M. v. Saul*, No. 18 C 6718, 2020 WL 374682, at *12 (N.D.Ill. Jan. 23, 2020) (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Midwest Motor Express*, 181 F.3d 799, 808 (7th Cir. 1999)); *David D. v. Saul*, No. 18 C 8530, 2020 WL 2404877, *5 (N.D.Ill. May 12, 2020) (citing cases for the proposition that the Commissioner's failure to address one of claimant's arguments amounts to waiver).